**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Norman Stoudenmire, Appellant.

Appellate Case No. 2010-157546

─────────────

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

─────────────

Unpublished Opinion No. 2012-UP-628
Heard October 30, 2012 – Filed November 28, 2012

─────────────

**AFFIRMED**

─────────────

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott,  Senior Assistant Attorney General Melody Jane Brown, all of Columbia, and Barry Joe Barnette, of Spartanburg, for Respondent.

─────────────

**PER CURIAM:** Norman Stoudenmire appeals his conviction of murder, arguing the trial court erred in holding his oral and written statements to officers while in custody were freely and voluntarily given. We find that Stoudenmire's statements were freely and voluntarily given and we affirm.

As to Stoudenmire's argument that physical contact by the officers during his interrogation prevented his statements from being freely and voluntarily given, we find that this issue was not preserved for appeal as it was not argued in his motion to suppress his statement. *See State v. Goodwin*, 384 S.C. 588, 603, 683 S.E.2d 500, 508 (Ct. App. 2009) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial court.").

As to Stoudenmire's argument that the officers intentionally kept his attorney from him during the interrogation, we find that Stoudenmire was read his Miranda rights and never invoked his right to silence or his right to counsel. He never stopped talking during his interrogation and there was no indication that his interrogators knew that Stoudenmire's attorney was in the building.

The appellate court in reviewing the trial court's ruling "does not reevaluate the facts based on its own view of the preponderance of the evidence, but simply determines whether the trial court's ruling is supported by any evidence." *State v. Saltz*, 346 S.C. 114, 136, 551 S.E.2d 240, 252 (2001). None of the testimony indicated that the officers intentionally kept the appellant's attorney from him.

Accordingly, we find that the trial court did not err in holding that Stoudenmire's statements were freely and voluntarily given.

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**